# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

**AUG - 9 2013**

Clerk, U.S. District and
Bankruptcy Courts

Angelene Hardaway
3232 Georgia Ave apt 605
Washington, DC 20010

Lena Hardaway
3232 Georgia Ave apt 605
Washington, DC 20010
                Plaintiffs,

v.

DISTRICT OF COLUMBIA HOUSING
AUTHORITY,
1133 North Capitol Street NE
Washington, D.C. 20002
                Defendant.

Case: 1:13-cv-01232
Assigned To : Leon, Richard J.
Assign. Date : 8/9/2013
Description: Civil Rights-Non Employ.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiffs' claims brought under Section 504 of

the Rehabilitation Act, the Americans with Disabilities Act, and the Fair Housing Act, pursuant

to 28 U.S.C. §§ 1331, 1343.

7. This Court has personal jurisdiction over Defendant because Defendant conducts business in

the District of Columbia and is organized under the laws of the District of Columbia, and

Plaintiffs' claims for relief arise from Defendant's conduct in the District of Columbia.

8. Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391(b), because a substantial

part of the acts and omissions of Defendant giving rise to this action occurred in the District of

Columbia.

**RECEIVED**

**JUL 1 2 2013**

1

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## PARTIES

9. Angelene Hardaway is a person with disabilities as defined in the American with disabilities act.

10. Lena Hardaway is Angelene Hardaway payee from the Social Security Administration and approve live in aid by the Montgomery Housing Commission.

11. The District of Columbia Housing Authority is an independent authority of the District of Columbia government that governs public housing in the District and is responsible for providing quality affordable housing to low- to moderate-income District residents. DCHA operates rental assistance programs in the District of Columbia, including the Housing Choice Voucher Program.

## STATEMENT OF FACT

12. Defendant DCHA provides rental assistance and housing services to thousands of D.C. residents. DCHA serves as landlord to over 20,000 D.C. residents in public housing owned and managed by the DCHA. DCHA also administers rental assistance programs including the Housing Choice Voucher Program. The defendant agent are discriminating against Angelene Hardaway by not comply with the American with Disabilities Act and refuse all reasonable accommodations request. DC Housing  agent Authority Sherry Smith is violating Americans with Disabilities Act  by denying  Angelene Hardaway her live-in aide. DC Housing Authority portable specialize Nicole Brooks refuse to take Angelene's Montgomery County's *"Health Provider's Verification of Need for a reasonable Accommodation in housing"* form because it was a Montgomery County Maryland HOC form and it was addressed to Fatima Taylor.  This

refusal was a violation of Angelene Civil Rights. It should not matter what agency a form comes from, as long as the information is important to Angelene accommodations.

13. Angelene Hardaway has a permanent cognitive disorder that she had since birth. On February 21, 2013 in a report, Doctor **Jessica Coutner MD** affirmed, Angelene needs "24 hours a day care to function normally." Angelene has memory problems, and cannot read or write. Her memory problems cause her to frequently burn herself while cooking and frequently get lost if she not with an aide; therefore, she needs to aide to live a normal life. DC housing authority issued a 2bedroom voucher on June 6, 2013 and approved the unit on June 25, 2013. Angelene and her living in aide Lena Hardaway moved into the unit on June 27, 2013 (apartment 3232 Georgia Ave Washington, DC 20010 apt 605) Ms. Smith mailed the denial letter on July 09, 2013 and misleadingly backdated the "denial of participant request for reasonable accommodation" letter to June 28, 2013. On May 8, 2013 and on June 6, 2013, Angelene made a reasonable accommodation to have DC housing authority contact Lena Hardaway and to have meeting by phone.  Ms. Smith letter was address to Angelene knowing she cannot read, also in the denial letter Ms. Smith stated the only way to appeal her decision is for Angelene to come to DC housing authority and file a complaint in-person. Despite the fact, Angelene disability is directly related to her not being able to come to DC housing authority office. I have tried to contact Ms. Smith for accommodations many times since May 8, 2013 and all request where ignored.  On February 22, 2013, Angelene was approved from Montgomery County housing opportunities commission to have a live in aide and was issued a 2bedroom voucher on March 21, 2013. Montgomery County only took **ONE DAY** to approve Angelene accommodation; However, DC housing authority had two months since first contact by (email, phone and mail)

asking for accommodations. It is unacceptable to issue a 2 unit voucher and wait until Angelene and her live-in aide move into her new home. DC Housing Authority negligently violating the American with Disabilities and Section 504 of the Rehabilitation Act and causing Angelene damages including but not limited to, attorney fees, physical and emotional distress.

## CONCLUSION

14. As a result of DCHA's unlawful actions as described above, Plaintiffs have suffered and continue to suffer irreparable loss and injury, including but not limited to, humiliation,frustration, embarrassment, emotional distress, out-of-pocket losses, interference with their ability to obtain housing appropriate to their needs, and unlawful deprivation of their federally protected rights. DC Housing Authority should have accepted the Montgomery County medical doctor's report dated February 21, 2013 and not reject the report because it was not an official DC Housing Authority form.

## CLAIMS FOR RELIEF
**Denial of Equal Access in Violation of Section 504 of the Rehabilitation Act**
**Count 1**
**29 U.S.C. § 794**

15. Plaintiffs reallege and incorporate by reference all of the allegations set forth in paragraphs 1 through 69 above.

16. Plaintiffs Angelene qualified individuals with disabilities within the meaning of the Rehabilitation Act.

17. Plaintiff Lena Hardaway job is to assist individuals with disabilities that has diverted her resources to address Defendant's failure to provide services to such individuals.

18. Defendant DCHA receives federal financial assistance within the meaning of the Rehabilitation Act.

19. Plaintiffs Angelene is qualified to receive the benefits and services of DCHA.

20. DCHA's housing services, rental assistance programs, and Housing Choice Voucher Program are "programs or activities" within the meaning of the Rehabilitation Act.

21. The Rehabilitation Act prohibits DCHA from denying Plaintiffs equal access to DCHA's benefitsand services and equal opportunity to participate in DCHA's programs on the basis of disability.

22. Defendant is required under the Rehabilitation Act to ensure effective communication between its staff and individuals with disabilities.

23. Through Defendant's acts described above, Defendant excluded Plaintiffs from participation in, denied them the benefits of, and/or subjected them to discrimination in its programs, services, and/or activities.

24. Through Defendant's acts described above, Defendant failed to provide equal access to its benefits and services and/or equal opportunity to participate in its programs on the basis of disability.

25. Through Defendant's acts described above, Defendant failed to ensure effective communication between plaintiffs and deny services.

29. Through Defendant's acts described above, Defendant frustrated Lena Hardaway job and forced Lena Hardaway to divert scarce resources to providing services, assistance, advocacy, and counseling in an effort to counteract the harm caused by Defendant's unlawful conduct.

**Denial of a Reasonable Modification in Violation of Section 504 of the Rehabilitation Act**
**Count 2**
**29 U.S.C. § 794**

30. Plaintiffs reallege and incorporate by reference all of the allegations set forth in paragraphs above.

31. Plaintiffs are qualified individuals with a disability or handicap within the meaning of the Rehabilitation Act.

32. Defendant DCHA receives federal financial assistance within the meaning of the Rehabilitation Act.

33. Plaintiffs are qualified to receive the benefits and services of DCHA.

34. Through Defendant's acts described above, Defendant discriminated against Plaintiffs on the basis of disability in violation of the Rehabilitation Act.

35. Under the Rehabilitation Act, DCHA is required to make reasonable modifications in policies, practices, and/or procedures where the modifications are necessary to avoid discrimination on the basis of disability and would not fundamentally alter the nature of theprograms, services, or activities.

36. Plaintiffs informed DCHA of her disability and requested that DCHA reasonable modification service not forcing Angelene to come to DC office and to have a live in aide.

37. The provision of live-in aide is necessary to avoid discriminating against Plaintiffs on the basis of her disability.

38. Providing Plaintiffs with accommodations would not fundamentally alter the nature of DCHA's services or programs, including the Voucher Program.

39. DCHA violated the Rehabilitation Act by denying Plaintiff accommodations.

**Denial of Equal Access in Violation of the Americans With Disabilities Act**
**Count 3**
**42 U.S.C. § 12132**

40. Plaintiffs reallege and incorporate by reference all of the allegations set forth in paragraphs above.

41. Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131, 12132, prohibits discrimination against individuals with disabilities. Title II requires, inter alia, that "a public entity shall administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities." See 28 C.F.R. §35.130(d). Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, imposes similar obligations.

42. DC Housing Authority is responsible for the operation of public entities covered by Title II of the ADA. 42 U.S.C. §§ 12131(1)(A) and (B). Title II of the ADA prohibits DC Housing Authority from discriminating against individuals with disabilities. 42 U.S.C. §§ 12131, 12132.

43. DC Housing Authority is obligated under the ADA to administer federal programs in a manner that makes services and programs available to people with disabilities.

44. Plaintiff Angelene is qualified individuals with a disability within the meaning of the ADA.

45. Plaintiff Lena is associated with, and serves, qualified individuals with disabilities within the meaning of the ADA. 28 C.F.R. § 35.130(g). Her job is to assist individuals with disabilities, and

it has diverted its resources to address Defendant's failure to provide services to such individuals.

46. Through Defendant's acts described above, Defendant discriminated against Plaintiffs on the basis of disability in violation of the ADA.

47. Under the ADA, Defendant is prohibited from excluding Plaintiffs from participation in or denying them the benefits of its services, programs, and activities on account of disability. 28 C.F.R. § 35.130(a). Defendant is also prohibited from providing an aid or service that is not as effective in affording equal opportunity to obtain the same result as that provided to others. Id.at § 35.130(b)(1)(i)-(iv); id. at § 35.130(b)(1)(vii).

48. By failing to provide qualified accommodations and Defendant denied and continues to deny Plaintiffs the same access to services, benefits, activities, and programs because of their disabilities.

49. Through the conduct described above, Defendant failed to ensure equally effective communications with Plaintiffs and failed to provide necessary accommodations in violation of the ADA.

50. Through the conduct described above, Defendant frustrated Lena Hardaway job forced to divert limited resources to providing services, assistance, advocacy, and counseling to address the harm caused by Defendant's unlawful acts.

**Denial of a Reasonable Accommodation in Violation of the Americans With Disabilities Act**
**Count 4**

51. Plaintiffs reallege and incorporate by reference all of the allegations set forth in paragraphs above.

52. Plaintiffs Angelene is qualified individuals with disabilities within the meaning of the ADA.

53. Although 42 U.S.C. § 12131 uses the term "reasonable modification," Plaintiffs here use the term "reasonable accommodation."

54. Through Defendant's acts described above, Defendant discriminated against Plaintiffs on the basis of disability in violation of the ADA.

55. Under the ADA, DCHA is required to make reasonable modifications in policies, practices, and/or procedures where the modifications are necessary to avoid discrimination on the basis of disability and would not fundamentally alter the nature of the DCHA's programs, services, or activities. 28 C.F.R. § 35.130(b)(7).

**Count 5**
**42 U.S.C. § 3604(f)(1)-(2)**

56. Plaintiffs reallege and incorporate by reference all of the allegations set forth in paragraphs above.

57. Plaintiff Angelene is individual with a disability or handicap within the meaning of the Fair Housing Act.

58. Lena Hardaway is an "aggrieved person" under the Fair Housing Act because it is an entity that has been injured by a discriminatory housing practice. Lena Hardaway is an job is to assist

individuals with disabilities that has diverted its resources to address Defendant's failure to provide services to such individuals.

59. The Fair Housing Act makes it unlawful to discriminate on the basis of disability in the provision of services in connection with rental housing or otherwise make housing unavailable on the basis of disability.

60. Through the conduct described above, DCHA discriminated against Plaintiff in the provision of services in connection with rental housing and made housing unavailable to her on the basis of their disability.

61. DCHA's discriminatory failure to provide live in aide, communication and equal access to DCHA's programs and services interfered with Plaintiffs ability to obtain rental housing that met their needs.

62. DCHA's discriminatory conduct has frustrated Lena Hardaway and caused her to divert its limited resources and time to address DCHA's failure to provide necessary services to people with disabilities.

**Violation of the Fair Housing Act**
**Count 6**
**42 U.S.C. § 3604(f)(3)**

63. Plaintiffs reallege and incorporate by reference all of the allegations set forth in paragraphs above.

64. Plaintiff Angelene is individuals with a disability or handicap within the meaning of the Fair Housing Act.

65. The Fair Housing Act prohibits refusals to make reasonable accommodations in rules, policies, practices, or services, when such accommodations are necessary to afford individuals with disabilities an equal opportunity to use and enjoy a dwelling.

66. DCHA's failure to provide live in aide and/ or any other effective means of communication with disable person aide constitutes a failure to make a reasonable accommodation.

67. DCHA's failure to provide a reasonable accommodation to its programs and services interfered with Plaintiffs ability to obtain rental housing that met their needs.

## PRAYER FOR RELIEF

68.. WHEREFORE, Plaintiffs pray that this Court grant them the following relief:

a. Enter a declaratory judgment finding that the foregoing actions of Defendants violate 29 U.S.C. § 794, 42 U.S.C. § 12132, and 42 U.S.C. § 3604(f);

b. Enter an injunction directing Defendant to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described herein and to prevent similar occurrences in the future;

c. Award compensatory damages to Plaintiffs in an amount to be determined by the jury that would fully compensate Plaintiffs for the humiliation, frustration, embarrassment, emotional distress, frustration of mission, and diversion of resources that they have suffered and continue to suffer as a result of the discriminatory conduct alleged herein;

d. Award punitive damages under the Fair Housing Act to Plaintiffs in an amount to be determined by the jury that would punish Defendant for the willful, wanton, and reckless conduct alleged herein and that would effectively deter similar conduct in the future;

11

e. Award Plaintiffs their reasonable attorneys' fees and costs incurred in this action;

and

f. Order such other relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

**Plaintiffs request trial by jury as to all issues in this case.**

Respectfully Submitted,


_____ Date: July 11, 2013
Lena Hardaway, Pro Se
3232 Georgia Ave apt 605
Washington, DC 20010lenahardaway@gmail.com
(860) 922-9340



_____ Date: July 11, 2013
Angelene Hardaway, Pro Se
3232 Georgia Ave apt 605
Washington, DC 20010



**HOUSING OPPORTUNITIES COMMISSION**
OF MONTGOMERY COUNTY, MD

10400 Detrick Avenue
Kensington, Maryland 20895-2484
(240) 773-9000

## HEALTH PROVIDER'S VERIFICATION OF NEED FOR A REASONABLE ACCOMMODATION IN HOUSING

Applicant's Name: _Angelene Hardaway_

Address: _8010 Blair Mill Way Apt 213E Silver Spring MD 20910_
(Street Address, City, State & Zip Code)

This is my authorization to release the information requested below.

Signature: _X Angelene Hardaway_          Date: _2/6/13_

Dear _____ :

As indicated in the attached Request for Reasonable Accommodation, the person named above is requesting a reasonable accommodation from the Housing opportunities Commission because of a disability.

He or she requests that you complete this form and return it to:

Fatima Taylor
Housing Opportunities Commission
10400 Detrick Avenue
Kensington, MD 20895
FAX: (301) 949-1882

1. In my opinion, the applicant for reasonable accommodation has a disability as defined below. Please check any paragraph below which applies:

[X] A. A physical or mental impairment that substantially limits one or more major life activities, such as caring for one's self, doing manual tasks, walking, seeing, hearing, breathing, learning and/or working.

[ ] B. A record of having such an impairment.

[ ] C. Is regarded as having such an impairment.

2. The disability is permanent:

[X] YES [ ] NO [ ] UNKNOWN



 if the disability is temporary, please explain.

_____

_____

_____

4. In my opinion, the applicant's disability requires that one or more of the following accommodations needs to be made in order for the applicant to have equal opportunity to live successfully in HOC housing: (a) a fully accessible apartment or other physical modifications to the apartment or public/common areas, including assistive technology, (b) reasonable accommodations to the rules and policies of the housing development, or HOC. as applied to applicant, or (c) assistance with communications with HOC

**Please respond to each of the following items.**

A. Identify the accommodation(s) needed (if individual is requesting that HOC permit a live-in aide. please specify the nature of the assistance and the approximate number of hours of assistance each day the individual requires):

Patient is in need of a 2 bedroom apartment to accommodate her and her sister who is her primary caregiver 24 hours/day

_____

B. Why the person needs the accommodation(s): Pt has a severe cognitive disorder which prevents her from completing/performing some ADLs and all iADLs.

C. How the accommodation(s) is/are related to the disability: Sister is live in caregiver and needs a (currently living / sharing a one bedroom apartment)) see above

D. How the accommodations will assist the person to be lease compliant or to participate in the program: With adequate living arrangements Pt can be well cared for, provide safety/ ability to participate in program/social activities

Jessica Leon, MD
821 Columbia
Silver Spring, MD 2091
301-555-1251

Name, address, and phone number of
health provider

_____
Signature of health provider

3/2/13
Date signed

---

Please return this form to the address listed above to the attention of **Fatima Taylor** as promptly as possible, so that HOC may make a determination on this request. This form may also be faxed to Federal Programs attention **Fatima Taylor** to (301) 949-1882

Thank you. If you have questions regarding this form, please contact **Fatima Taylor** at (240) 773-9361, or Maryland Relay TTY at 711, 10400 Detrick Avenue, Kensington, MD 20895.
(Este es un aviso importante. Por favor hagala traducir inmediatamente.)

