UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANGELENE HARDAWAY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 13-1232 (RJL/DAR) |
| ) | |
| DISTRICT OF COLUMBIA HOUSING ) | |
| AUTHORITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

November 15, 2013

The District of Columbia Housing Authority has filed a motion to dismiss the complaint [ECF No. 15]. The Court hereby advises the *pro se* plaintiffs of their obligations under the Federal Rules of Civil Procedure and the local civil rules of this Court. *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988).

The plaintiffs are advised that the Court will rule on the defendant's motion taking into consideration the facts proffered in the complaint, along with the plaintiffs' response or opposition to the motion.[1] The plaintiffs' attention is directed to Local Civil Rule 7(b), which states:

> Within . . . such . . . time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed

---

[1] On November 5, 2013, the Clerk of Court received a document titled "Plaintiffs' Opposition to Defendants' Motion to Dismiss and Summary Judgment." Although the document bears another civil action number, the Court presumes that plaintiffs intended to file it in this case.

1

within the prescribed time, the court may treat the motion as conceded.

LCvR 7(b). Additionally, the plaintiffs are directed to Rule 6(d) of the Federal Rules of Civil Procedure which provides:

> When a party may or must act within a specified time after service and service is made [by mail or by other means consented to in writing by the person served], 3 days are added after the period would otherwise expire . . . .

Fed. R. Civ. P. 6(d). The Court may treat as conceded any motion or argument made within it that is not opposed within the time limits outlined above. Alternatively, the Court may consider on the merits any motion or argument made within it that is not opposed within the time limits outlined below.

Accordingly, it is

ORDERED that the plaintiffs shall have until **December 15, 2013** to file a supplemental response to the defendant's motion to dismiss. If the plaintiffs do not further respond by that date, the Court will rule on the motion based upon the current record, including the document titled "Plaintiffs' Opposition to Defendants' Motion to Dismiss and Summary Judgment" received by the Clerk of Court on November 5, 2013.

SO ORDERED.

RICHARD J. LEON
United States District Judge

2