UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LENA HARDAWAY,
ANGELENE HARDAWAY,
    PLAINTIFFS,

V.

DISTRICT OF COLUMBIA
HOUSING AUTHORITY,
    DEFENDANT.

Civil Action No. 12-cv-1232

Leave to file GRANTED

_____
United States District Judge

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND SUMMARY JUDGMENT

### INTRODUCTION

The Plaintiffs has filed a complaint against Defendant DISTRICT OF COLUMBIA HOUSING AUTHORITY under the Fair Housing Amendments Act of 1988, Title II of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act of 1973 ……..for illegally violating Plaintiff Angelene Civil Rights. Plaintiffs seek injunctive relief under all six statutes.

Plaintiffs have met their burden of making a prima facie case of discrimination under all six statutes. Plaintiffs allege, and Defendant did not challenge that Plaintiff Angelene is a person with a disability whose Civil Rights were violated by Defendant's agents. Defendant Motion does not properly resolved this matter, especially where Plaintiff has not had an opportunity to conduct discovery.

1 |

# ARGUMENT

## I. THE ALLEGATIONS IN THE PLAINTIFF'S COMPLAINT MEET THE REQUIREMENTS FOR STANDING UNDER FEDERAL RULES

Plaintiffs' disagree with Defendant opinion that they have not met the burden of proof required to file the complaint. The Court must consider all well-pled allegations in a complaint as true, Albright v. Oliver, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776,783 (4th Cir. 1999) Medlock v. Rumsfeld, 336 F. Supp. 2d452, 460 (D. Md. 2002), aff'd, 86 F. App'x 665 (4th Cir. 2004); see Martin Marietta Corp. v.Int'l Telecomm. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993) (citing Jenkins v. McKeithan, 395U.S. 411, 421-22 (1969)). A motion to dismiss should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. This standard "relies on liberal discovery rules and motions to define disputed facts and issues and to dispose of allegedly unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Thus, to survive a Rule 12 motion to dismiss, a plaintiff need Not plead facts beyond those that would "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. Under these standards, the Plaintiffs have more than adequately pled. The Plaintiffs may have made some technical errors in the complaint; however, the Complaint should not be dismissed because of those errors. The Plaintiffs who have no legal training cannot be expected to have the same high standards as a professional train lawyer. Defendant's Motion to Dismiss is contemptible under Haines v. Kerner, 404 U.S. 519, 520 (1972), and Picking v. Pennsylvania R. Co. 151 Fed. 2nd 240; Pucket v. Cox 456 2nd 233. (Pro se pleadings are to be considered without regard to technicality; pro se litigant's pleadings are not to be held to the same high

standards of perfection as lawyers). Plaintiffs have pleaded the complaint to the best of their ability.

## ARGUMENT

### II. THE ALLEGATIONS IN THE DEFENDANT MOTION IS FILED WITH NUMEROUS ERRORS

Defendant had 90 days to answer the complaint. At the last minute, defendant filed a combine Motion to Dismiss/ Summary Judgment. Defendant is using unsavory tactics to delay litigation by filing a Motion with numerous errors.

**Defendant Argument**: "Plaintiff fails to state a claim upon which relief can be granted."
**Defendant falsely claims,** *{"In her Complaint, Plaintiff makes conclusory allegations without specificity and does not allege facts that will support that defendant owes Plaintiff $4,800.00 for "underpayment."}* – This argument is completely erroneous, and not related to this complaint. Plaintiff never claimed defendant owes them $4,800.00 for underpayment. Plaintiff has never mention "$4,800.00" or "underpayment" in their complaint. Defendant argument – "failure to state a claim" is solely related to this mystery $4,800 underpayment. Plaintiff complaint is about Defendant agent's failure to comply with American with Disability Act, Section 504 of the Rehabilitation Act , Civil Rights Act, and other housing statues.

### STATUTORY SCHEME

Section 504 of the Rehabilitation Act provides, in relevant part, that "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. § 794. Title II of the ADA extends the prohibition of discrimination to all actions, services, programs or activities of state and local governments regardless of the receipt of federal financial assistance. The Fair

Housing Amendments Act, like § 504 of the Rehabilitation Act of 1973, as amended, is a clear pronouncement of a national commitment to end the unnecessary exclusion of persons with handicaps from the American mainstream. It repudiates the use of stereotypes and ignorance, and mandates that persons with handicaps be considered as individuals.

## CONCLUSION

Plaintiff six counts are not moot because defendant finally applied a temporary bandage to the problem after costing Plaintiffs financial and emotional harm. Defendant Motion to Dismiss does not solve the problem Defendant created, due to their agent's poor training and ignorance. Defendant Motion should be deny.

Respectfully Submitted,

_____ Date: November 4, 2013
Lena Hardaway, Pro Se
3232 Georgia Ave apt 605
Washington, DC 20010
lenahardaway@gmail.com
(860) 922-9340

_____ Date: November 4, 2013
Angelene Hardaway, Pro Se
3232 Georgia Ave apt 605
Washington, DC 20010

### Certification

I, Angelene & Lena Hardaway, hereby certify that a true copy of the above document was served the CM/ECF via first class mail on September 5, 2013 to: Attorney for District Of Columbia Housing Authority, 1133 North Capitol Street NE Washington, D C. 20002

_____
Lena Hardaway

_____
Angelene Hardaway

4 |