UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANGELENE HARDAWAY, *et al.*, )
)
Plaintiffs, )
)
v. ) Civil Action No. 13-1232 (RJL/DAR)
)
DISTRICT OF COLUMBIA )
HOUSING AUTHORITY, )
)
Defendant. )

**MEMORANDUM OPINION**

(July 30, 2014) [Dkt. #15]

This matter is before the Court on the District of Columbia Housing Authority's ("DCHA" or "defendant") Motion to Dismiss or, in the Alternative, for Summary Judgment [Dkt. #15]. Upon consideration of the parties' pleadings, relevant law, and the entire record in this case, the Court GRANTS defendant's motion to dismiss.

**BACKGROUND**

"Angelene Hardaway has a permanent cognitive disorder" and allegedly "needs 24 hours a day care to function normally." Compl. ¶ 13 (internal quotations omitted). Her sister, Lena Hardaway, is her primary caregiver. *See id.*, Ex. (Health Provider's Verification of Need for a Reasonable Accommodation

1

in Housing, dated February 21, 2013) at 2. According to Jessica Coutner, M.D., with a reasonable accommodation—a two-bedroom apartment for both Angelene and Lena—Angelene "can be well cared for, provide[d] safety[, and would have the] ability to participate in program[s and] social activities." *Id.* Accordingly, on February 22, 2013, the Housing Opportunities Commission of Montgomery County, Maryland ("HOC") approved Angelene's request for a live-in aide. *See id.* at ¶ 13. In addition, on March 21, 2013, the HOC issued a voucher for a two-bedroom apartment. *See id.* Plaintiffs sought a similar arrangement through the DCHA, *see id.*, which "operat[es] a public housing program and a Housing Choice Voucher Program (f/k/a Section 8)," Mem. of Points and Authorities in Support of the District of Columbia Housing Authority's Mot. to Dismiss, or in the Alternative, for Summ. J. ("Def.'s Mem.") at 1.

According to plaintiffs, "[o]n May 8, 2013 and June 6, 2013, Angelene made [requests for] a reasonable accommodation," Compl. at ¶ 13, which the Court understands as a request for both a live-in aide and a voucher for a two-bedroom apartment. Although the DCHA issued the voucher on June 6, 2013 and approved plaintiffs' unit on June 25, 2013, *see id.*, plaintiffs received a "denial letter" dated September 26, 2013 containing DCHA's written response to Angelene's request for a live-in aide. According to the DCHA, the request was denied for the following reasons:

> In your request, you stated that you require a live-in aide due to your disability. However, there was no documentation submitted with your request to support your need for a reasonable accommodation.

2

> Therefore, we contacted your healthcare provider Dr. Jessica Lowther for information about your disability needs.[1] In Dr. Lowther's response, she stated that you are permanently disabled, however, you are able to perform basic requirements of daily living on your own. As a result, your request for a live-in aide has been denied, however, this determination will not reverse the decision of the Housing Choice Voucher Program to provide you with a two (2) bedroom voucher.

Def.'s Mem., Ex. A (Letter to Angelene Hardaway from Sherry J. Smith, Interim ADA/504 Coordinator, Office of the ADA/504 Program, DCHA, dated September 26, 2013) (emphasis removed). In other words, "despite the determination of the Interim ADA/504 Coordinator," the DCHA allowed "Lena Hardaway[] to live with [Angelene Hardaway] as [Angelene's] live in aide." Def.'s Mem. at 5. Defendant represents that "[t]his distinction and notation of Lena Hardaway's status as a live in aide is noted on [Angelene Hardaway's] Tenant Profile as Lena Hardaway's relationship to [Angelene] is noted as 'L' which stands for live in aide." *Id.*; *see also id.*, Ex. B (Tenant Profile) at 2. Plaintiffs moved into their two-bedroom apartment in Northwest Washington on June 27, 2013. *See* Compl. at ¶ 13. Roughly two weeks later, on July 12, 2013, plaintiffs filed this action.[2]

---

[1] The Court presumes that DCHA's mention of Dr. Jessica Lowther in its September 26, 2013 denial letter, *see* Def.'s Mem., Ex. A, is actually a reference to Jessica Coutner, M.D.—Angelene Hardaway's healthcare provider, *see* Compl. at ¶ 13.

[2] The date stamps on the front pages of the Complaint and plaintiffs' Motions for Leave to Proceed *in forma pauperis*, [Dkt. ##2, 3], indicate that the Clerk of Court received these documents on July 12, 2013. The Clerk of Court did not officially file the documents on the Court's electronic docket until August 9, 2013.

3

## ANALYSIS

Plaintiffs bring this action under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the Fair Housing Act. *See id.* at ¶ 6. Generally, plaintiffs allege that the DCHA's denial of Angelene's request for a reasonable accommodation—namely approval for a live-in aide—has excluded them from participation in services, or deprived them of housing, to which they are entitled. *See generally id.* at ¶¶ 16-67. Plaintiffs demand compensatory and punitive damages as well as injunctive relief. *See id.* at ¶ 68.

"Article III of the Constitution strictly limits the federal judicial power to resolving 'Cases' and 'Controversies.'" *Dominguez v. UAL Corp.*, 666 F.3d 1359, 1361 (D.C. Cir. 2012) (quoting U.S. CONST. art. III, § 2). Accordingly, "[e]very plaintiff in federal court bears the burden of establishing the three elements that make up the irreducible constitutional minimum of Article III standing: injury-in-fact, causation, and redressability." *Id.* at 1362 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)) (internal quotation marks omitted). The defect in plaintiffs' pleading pertains to their purported injury, or lack thereof.

Nothing in plaintiffs' Complaint indicates that the DCHA denied plaintiffs access to or participation in the Housing Choice Voucher Program because of Angelene's disability. Nor do plaintiffs allege that any action or omission by the DCHA has otherwise barred their access to or participation in any program or service administered by the DCHA. Notwithstanding the DCHA's decision to

4

deny Angelene's request for a live-in aide, it acted in accordance with the HOC's decision to provide a voucher for a two-bedroom unit. The DCHA thus acquiesced to plaintiffs' desired living arrangement. Indeed, it has issued a voucher for a two-bedroom unit, such that Lena can function as Angelene's live-in aide. Plaintiffs, therefore, fail to demonstrate that they have suffered any actual injury arising from the DCHA's action or inaction. Absent an actual injury, plaintiffs lack standing to pursue their purported claims and the Court is thus deprived of subject matter jurisdiction. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).[3]

## CONCLUSION

For all of the foregoing reasons, the Court concludes that plaintiffs lack standing to bring this action and the Court therefore lacks subject matter jurisdiction. Accordingly, the Court GRANTS defendant's motion to dismiss. An Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[3] Insofar as plaintiffs claim violations of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the Fair Housing Act regarding their request for a voucher for a two-bedroom unit, those claims are moot.